[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiffs, Carol A. Giacomo, William J. Giacomo and Lynn M. Giacomo, commenced an action against the defendants, USF G Insurance and Peter Samilenko,[1] alleging that the defendants CT Page 10440 failed to pay the full amount due under their insurance policy for termite damage on their property. The complaint sounds in breach of contract (count one), bad faith (count two), a violation of the Connecticut Unfair Trade Practices Act (CUTPA) (count three), and a violation of the Connecticut Unfair Insurance Practices Act (CUIPA) (count four).
The defendants have filed a motion to strike counts three and four of the complaint with a memorandum in support of their motion. The defendants argue that "Count Three's allegation of a violation of CUTPA is legally insufficient because it is based upon a single instance of misconduct or conduct related to single contractual relationship, and Count Four's allegation of a violation of CUIPA is legally insufficient because CUIPA does not provide for a private cause of action. The plaintiffs have filed an opposition to the motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp. ,240 Conn. 576, 580, ___ A.2d ___ (1997). The role of the trial court is "to examine the [complaint], construed in favor of the plaintiffs, to determine whether the plaintiffs have stated a legally sufficient cause of action." Napoletano v. CIGNAHealthcare of Connecticut, Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996), cert. denied, ___ U.S. ___, 117 S.Ct. 1106,137 L.Ed.2d 308 (1997).
Count three of the complaint sounds in a violation of CUTPA. There is a split of authority within the superior court as to whether a single act can be a violation of CUTPA. "[T]he majority of superior court decisions . . . have held that a litigant does not need to allege more than a single act of misconduct in order to bring an action under CUTPA." Glaser Realty Assoc. v. JoshuaMorris Publ., Superior Court, judicial district of Danbury, Docket No. 322785 (January 15, 1997, Moraghan, J.). For cases holding that a single act or occurrence is sufficient to support a CUTPA claim, see, e.g., Abrams v. Riding High Dude Ranch, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345046 (February 5, 1998, Skolnick, J.); Lovick v.Nigro, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 542473 (February 24, 1997, Lager, J.). But see Morgan v. Toiland County Health Care, Inc., Superior Court, judicial district of Hartford/New Britain at New Britain, CT Page 10441 Docket No. 469204 (February 9, 1996, Handy. J.).
In the present case, the plaintiffs allege that the defendants "took over three (3) months to confirm that a portion of said loss was a covered claim"; "initially authorized payment for said loss and then changed its position when advised that the loss was more than originally discovered"; "failed to confirm coverage so that the premises can be completely repaired." The plaintiffs further allege that the defendants failure to take prompt action to investigate their loss and confirm coverage, required that they "expend additional sums to institute litigation to confirm coverage and expend sums for counsel fees, court costs and additional interest on monies borrowed to pay said loss." The plaintiffs allege that these acts "constitute unfair and deceptive acts and practices in the conduct of trade in violation of the Connecticut Unfair Trade Practices Act. . . ."
The plaintiffs have enumerated the acts of the defendants involving only one particular loss. This court sides with the majority of decisions and finds that a single act is sufficient to support a CUTPA claim. Accordingly, the third count of the plaintiff's complaint is legally sufficient and the defendant's motion to strike count three of the complaint is denied.
Count four of the complaint sounds in a violation of CUIPA. "The Connecticut Supreme Court to date has not determined whether CUIPA provides for a private right of action. Superior Court decisions have long been divided on the issue." (Citations omitted.) Stabile v. Southern Connecticut Hospital Systems, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326120 (Oct. 31, 1996, Levin, J.) (18 Conn. L. Rptr. 157).
Regardless, under General Statutes § 38a-816 (6), "the claimant must allege and prove facts sufficient to show that the insurer was [c]ommitting or performing [certain specified acts] with such frequency as to indicate a general business practice." (Internal quotation marks omitted.) Heyman Associates No. 1 v.Insurance Co. of Penn., 231 Conn. 756, 796, 653 A.2d 122 (1995). "[C]laims of unfair settlement practices under CUIPA require a showing of more than a single act of insurance misconduct." Meadv. Burns, 199 Conn. 651, 659, 509 A.2d 11 (1986).
Here, the plaintiff fails to allege facts showing a general business practice of the defendant. Further, the complaint CT Page 10442 alleges only a single act of insurance misconduct. The defendant's motion to strike count four of the complaint, therefore, is granted.
In summary, the court denies the defendant's motion to strike count three of the complaint, and grants said motion as to count four.
D'ANDREA, J.