[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is the defendant's Motion to Strike the second count of the plaintiff's complaint, which alleges a violation under the Connecticut Unfair Trade Practices Act (hereinafter "CUTPA"). The defendant argues that the second count is insufficiently pled because it contains only a single instance of alleged wrongdoing. The plaintiff filed an objection and a memorandum in opposition, asserting that Connecticut law does not require this court to strike a complaint alleging only one instance of wrongdoing; and arguing that the complaint, in fact alleges more than one instance of wrongdoing.
The plaintiff, a business in Connecticut which acted as an agent for the defendant, and insurance company, brought this CT Page 6238 action against the defendant claiming that the defendant made false and defamatory statements about the plaintiff and violated CUTPA by making these statements. The plaintiff specifically claimed, inter alia, that the defendant had: "sent a letter to writing agents which stated that the plaintiff `has sold and ceases to business under their former contract with us'."[1]
The plaintiff alleged that this violated CUTPA. The defendant maintains that this is insufficient under the statute.
At the outset this court acknowledges that there is a split of authority in the Superior Court over whether or not CUTPA requires that there be more than one allegation of wrongdoing.See, e.g., L. Suzio Conc. Co. v. Citizens Bank of Conn., Superior Court, Judicial District of New Haven at New Haven, Docket No. CV 97 0398079 (August 7, 1998, Silbert, J.) ("As to whether a single act, as alleged here, is sufficient to constitute a violation of CUTPA, there is a well documented split of authority among the judges of the Superior Court). However, "the majority of superior court decisions . . . have held that a litigant does not need to allege more than a single act of misconduct in order to bring an action under CUTPA. Glaser Realty Assoc. v. Joshua Morris Publ., Superior Court, judicial district of Danbury, Docket No. 322785 (January 15, 1997, Moraghan, J.)." Giacomo v. USFG Insurance, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. CV98 0164760 (September 10, 1998, D'Andrea, J., 1998 Ct. Sup. 10439).[2]
The appellate court has recently indirectly addressed the issue of whether a single allegation of wrongdoing might support a claim for a violation of CUTPA. Gebbie v. Cadle Company,49 Conn. App. 265, 714 A.2d 678 (1998). Although the issue before the court was not precisely characterized as the sufficiency or insufficiency of the CUTPA claim based on a single act, the court did uphold the trial court's allowance of a breach of contract claim. The trial court had held that "Cadle's refusal to honor and effectuate the loan restructure agreement and its related conduct, including failing to release the foreclosure attachments and lis pendens, constituted a violation of [CUTPA]." Id. at 279. The appellate court affirmed the trial court's finding that a CUTPA violation occurred. Id.
For the purpose of this motion, whether the plaintiff's complaint actually alleges a single violation or whether it is based on numerous violations is of no import to this court. This court is persuaded by the reasoning articulated in the majority CT Page 6239 of courts passing on this issue. Also, though not precisely on point the appellate court decision in Gebbie supports a finding that a single act is sufficient to constitute a violation of CUTPA. Therefore, the defendant's motion to strike is denied.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT